UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAVETTE M.,

            Plaintiff,           **DECISION AND ORDER**

    v.

                                             1:21-CV-0058 EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

# **INTRODUCTION**

Represented by counsel, plaintiff Lavette M. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 9), and Plaintiff's reply (Dkt. 10). For the reasons discussed below, the Commissioner's motion (Dkt. 9) is granted, and Plaintiff's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on November 15, 2017. (Dkt. 6 at 23, 177-83, 184-89).[1]  In her applications, Plaintiff alleged disability beginning October 6, 2016.  (*Id.* at 23, 177, 184).  Plaintiff's applications were initially denied on May 18, 2018.  (*Id.* at 23, 105, 106).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bryce Baird on January 9, 2020, in Buffalo, New York. (*Id.* at 23, 37-83).  On February 27, 2020, the ALJ issued an unfavorable decision.  (*Id.* at 23-31).  Plaintiff requested Appeals Council review; her request was denied on November 17, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

---

[1]  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or

medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act though December

31, 2017. (Dkt. 6 at 25). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 6, 2016, the application date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: bilateral knee arthritis and lumbar facet arthrosis. (*Id.*). The ALJ further found that Plaintiff's remote history of left humerus fracture, obesity, migraine headaches, and depression were non-severe. (*Id.* at 25-26).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 27). The ALJ particularly considered the criteria of Listings 1.02 and 1.04, and Plaintiff's obesity in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> [Plaintiff] can lift, carry, push and pull 10 pounds occasionally and 5 pounds frequently, can sit for up to 6 hours in an 8 hour day, can stand or walk for up to 2 hours in an 8 hour day, can occasionally operate foot controls with the left and right foot, can occasionally climb stairs and ramps, occasionally balance, stoop, kneel and crouch, can never climb ropes, ladders or scaffolds or crawl, can frequently reach with the left upper extremity and occasionally reach overhead with the left arm, can never work with hazards such an unprotected heights or moving machinery, and never with excessive vibration.

(*Id.*).

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a customer service representative. (*Id.* at 31). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II. The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error

Plaintiff asks the Court to vacate the ALJ's decision and remand this matter to the Commissioner, arguing that the Appeals Council improperly rejected medical opinion evidence from a treating source. (Dkt. 8-1at 11-15). The Court has considered this argument and, for the reasons discussed below, finds it to be without merit.

Following the issuance of the ALJ's decision, Plaintiff obtained and submitted the April 28, 2020 opinion of Mandeep Kaur Bath, D.O., to the Appeals Council. (Dkt. 6 at 13-17). Dr. Bath reported the frequency and length of contact with Plaintiff to be around 8 years, which she noted was since 2012. (*Id.* at 13). She diagnosed Plaintiff with left knee pain and lower back pain and lists Plaintiff's prognosis as fair. (*Id.*). Dr. Bath describes her clinical findings and objective signs of Plaintiff's impairments as tender to palpitation on her lower back and opines that her impairments are expected to last at least 12 months. (*Id.*). She states that Plaintiff's pain and other symptoms are constantly severe enough to interfere with her attention and concentration in a workday and that she is incapable of even low stress jobs. (*Id.* at 14). Dr. Bath opines that Plaintiff can sit and stand/walk less than two hours in an 8-hour working day and when engaged in standing or walking, must use a cane or other assistive device. (*Id.* at 15). Dr. Bath further indicates that Plaintiff's impairments are likely to produce good days and bad days and that Plaintiff would be absent from work as a result of her impairments more than four days each month.

(*Id.* at 16). Finally, Dr. Bath indicates that Plaintiff would be unable to sustain full-time employment. (*Id*. at 17).

The Appeals Council acknowledged receipt of Dr. Bath's opinion, stating: "You submitted a 7-page statement dated April 28, 2020, from Mandeep Kaur Bath, D.O. We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (*Id.* at 6). Plaintiff argues that this is reversible error. The Court disagrees.

As a general matter, where, as here, "the Appeals Council denies review, the ALJ's decision becomes the [Commissioner's] final decision," and it is this "final decision of the [Commissioner that] is subject to judicial review." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996); *see also Jessica v. Saul*, No. 5:19-CV-1427 (DEP), 2021 WL 797069, at *9 (N.D.N.Y. Mar. 2, 2021) (because it is the ALJ's decision that is the final decision once the Appeals Council denies review, the court does not have the authority to review the Appeals Council's non-final decision to deny review and its conclusions regarding the new evidence submitted by plaintiff). Because "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision," this Court "review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez*, 77 F.3d at 45-46; *Holli M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1525-DB, 2022 WL 826981, at *5 (W.D.N.Y. Mar. 18, 2022) ("As an initial matter, the Court finds the new evidence submitted to the Appeals Council after the ALJ's decision is

part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").

Under the regulations, "the Appeals Council must consider new and material evidence if it relates to the period on or before the date of the administrative law judge hearing decision and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Pulos v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018) (quotation omitted); *see* 20 C.F.R. §§ 404.970, 416.1470; *see also Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) ("[T]he Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence."); *Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 43 (2d Cir. 1991) ("An appellant must show that the proffered evidence is (1) 'new' and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." (internal citations omitted)).

Plaintiff argues that the Appeals Council erred in rejecting the opinion of Dr. Bath, which she argues is new and material. Plaintiff contends that Dr. Bath's opinion "cannot be rejected by a cursory statement that it does not show a reasonable probability that it would change the outcome." (Dkt. 8-1 at 15). But the Appeals Council is not required to specifically discuss all the records submitted for its review in its decision when it denies review. *See Tammy S. o/b/o/ A.L.S. v. Comm'r of Soc. Sec.*, No. 1:20-CV-931-DB, 2022

WL 1488431, at *5 (W.D.N.Y. May 11, 2022) ("Thus, the Appeals Council was not required to specify why it found the additional evidence did not warrant further review of the ALJ's decision. Thus, Plaintiff's argument that a lengthier explanation was needed fails."); *Stephanie R. obo I.S. v. Comm'r of Soc. Sec.*, No. 1:19-cv-1037-DB, 2020 WL 7640936, at *9 (W.D.N.Y. Dec. 23, 2020) ("Although the Appeals Council did not specifically discuss all the records at issue, it was not required to do so under the regulations. The Appeals Council is not required to provide an elaborate explanation when it evaluates additional evidence presented.").

The fact that the newly submitted evidence was medical opinion evidence does not dictate a different result. While Plaintiff relies on cases from this district applying the principle that "when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded to that opinion," *Oscar C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01294 EAW, 2022 WL 1746774, at *4 (W.D.N.Y. May 31, 2022), the treating physician rule does not apply in this case. The Commissioner's regulations relating to the evaluation of medical evidence were amended for disability claims filed after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01, at *5844 (Jan. 18, 2017). Because Plaintiff's claim was filed on November 15, 2017, the new regulations, codified at 20 C.F.R. §§ 404.1520c, 416.920c, apply. *See Leanne S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-1447 (CFH), 2022 WL 4448245, at *6 (N.D.N.Y. Sept. 23, 2022) ("The Court . . . concludes that because, in this instance, the Appeals Council

denied review of the ALJ's decision, it was not required to articulate its review of the newly submitted evidence under the regulations for evaluating the persuasiveness of a medical opinion."); *George W. v. Comm'r of Soc. Sec.*, No. 20-CV-01429, 2022 WL 3320866, at *4 (W.D.N.Y. Aug. 11, 2022) ("Therefore, prior case law from the Court holding the AC must give reasons for the weight accorded to an opinion for consideration of post-hearing material is not applicable to this case.").

Pursuant to the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id.* Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at §§ 404.1520c(c), 416.920c(c).

But even if the Appeals Council was required to provide a more fulsome explanation as Plaintiff suggests, such an error would not warrant remand in the instant matter because Plaintiff's additional evidence did not provide any new substantive findings sufficient to alter the ALJ's decision. *See Holli M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1525-DB, 2022 WL 826981, at *6 (W.D.N.Y. Mar. 18, 2022) ("In any event, the Court has reviewed

the entire record, including the additional evidence, and finds that the new evidence, when considered in light of the record as a whole, 'does not add so much as to make the ALJ's decision contrary to the weight of the evidence.'" (quoting *Rutkowski*, 368 F. App'x at 229)); *Tammy S. o/b/o/ A.L.S.*, 2022 WL 1488431, at *5 ("Even assuming the Appeals Council erred by refusing to consider new evidence, a reviewing court is able to review the entire record and determine whether the same conclusion is warranted even if the evidence at issue had been considered." (citing *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39-40 (2d Cir. 2020)); *Stephanie R. obo I.S.*, 2020 WL 7640936, at *9 ("Even if the Appeals Council should have discussed [the] evidence and failed to do so, any error is harmless because the evidence did not show a reasonable probability of changing the ALJ's decision.").

Here, the ALJ considered medical opinion evidence from several sources in determining Plaintiff's RFC. Plaintiff's treating orthopaedist, Donald J. Nenno, II, M.D., opined in August of 2018 that Plaintiff could perform sedentary to light work. (Dkt. 6 at 516). The ALJ found Dr. Nenno's opinion to be generally persuasive, reasoning that Dr. Nenno had been treating Plaintiff for approximately five months and had "noted in his clinical records, consistent with his opinion, that examination and x-rays do not show major arthritic change and that she stands with generally good alignment and has full range of motion with no instability." (*Id.* at 30). The ALJ also noted that Dr. Nenno indicated that Plaintiff's objective examinations do not correspond with her reported symptoms. (*Id.*). Similarly, the ALJ considered and found generally persuasive the opinion of Nikita Dave, M.D., a consultative examiner who opined that Plaintiff has mild to moderate limitations

for repetitive reaching overhead with her left arm and for lifting, carrying, pushing and pulling heavy objects with that arm, but no other limitations based upon his examination. (*Id.* at 30, 483-87). The ALJ also found the State agency opinion limiting Plaintiff to light work to be persuasive but limited her to sedentary work in the RFC in light of Plaintiff's subjective complaints. (*Id.* at 30-31).

The ALJ explained that he found a June 13, 2019 "work note" from Jerry Kong, M.D., not persuasive as it was written one month after Plaintiff had surgery and related to her acute recovery period and not long-term prognosis. (*Id.* at 30, 500). He similarly found a July 2, 2019 note from Jude Violante, DPM, not persuasive because it provided no functional assessment and merely indicated that Plaintiff was seen in the office and should be excused from work and activities until she was re-evaluated. (*Id.* at 30, 501).

Dr. Bath's opinion does not provide information that would undermine a finding that the ALJ's decision is based on substantial evidence. For one reason, Dr. Bath's opinion does not appear to be consistent with other evidence of record. For example, Dr. Bath opines that Plaintiff has had sharp pain in her back constantly since 2013. (*Id.* at 13). But Plaintiff's alleged onset date is not until October 2016 and she was working on a full-time basis prior to that time, a fact not reflected in the opinion. (*Id.* at 48-49, 231).

In addition, while Dr. Bath indicates that her frequency and length of contact with Plaintiff spanned 8 years since 2012, Plaintiff did not begin treatment with Summit Health, where Dr. Bath practices, until January 2015. Moreover, Plaintiff's treatment notes in the administrative record only reflect two office visits with Dr. Bath: one on August 13, 2019, and another on October 24, 2019. (*Id.* at 773, 784). It is not clear how Dr. Bath calculates

an eight-year relationship with Plaintiff and the apparent error in her opinion undercuts the deference normally afforded to an extensive relationship between doctor and patient.

In addition, Dr. Bath does not cite to any objective clinical findings to substantiate her opinions. She cites only to Plaintiff's tenderness to palpation in the lower back as support for the broad limitations indicated. Nor is support found in Dr. Bath's own treatment notes, which reflect Plaintiff to be "well appearing," "in no apparent distress," with negative straight leg test bilaterally, and intact neurological findings. (*Id.* at 774, 784). Dr. Bath's treatment notes also indicate that an x-ray of Plaintiff's lumbar spine in 2018 shows "mild degenerative changes but no acute processes." (*Id.* at 773). As a result, Dr. Bath's opinion regarding Plaintiff's limitations lacks the requisite supportability. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

In short, because Dr. Bath's opinion lacks the required consistency and supportability to be considered probative, the Court finds that the evidence Plaintiff submitted to the Appeals Council did not provide any new substantive findings capable of altering the ALJ's decision or changing the outcome of the case. Accordingly, because Plaintiff has failed to establish that the new evidence would show a reasonable probability of changing the ALJ's decision, the Court concludes that the ALJ's decision remains supported by substantial evidence.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Dkt. 9) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                               _____
                                               ELIZABETH A. WOLFORD
                                               Chief Judge
                                               United States District Court

Dated:  November 28, 2022
           Rochester, New York